**HUNTER HIDALGO, PH.D.**　　　　\*　　　　NO. 2024-C-0040

**VERSUS**　　　　　　　　　　　\*

　　　　　　　　　　　　　　　　　　　**COURT OF APPEAL**

**BOARD OF SUPERVISORS OF**　　\*

**LOUISIANA STATE**　　　　　　　　**FOURTH CIRCUIT**

**UNIVERSITY AND**　　　　　　　　\*

**AGRICULTURAL AND**　　　　　　　**STATE OF LOUISIANA**

**MECHANICAL COLLEGE ON**　　\* \* \* \* \* \* \*

**BEHALF OF LOUISIANA**

**STATE UNIVERSITY HEALTH**

**SCIENCES CENTER- NEW**

**ORLEANS; STEVE NELSON,**

**IN HIS OFFICIAL CAPACITY**

**AS INTERIM CHANCELLOR**

**OF LSUHSC-NO; RICHARD**

**DICARLO, IN HIS OFFICAL**

**CAPACITY AS INTERIM**

**DEAN OF THE SCHOOL OF**

**MEDICINE FOR LSUHSC-NO;**

**DEMETRIUS J. PORCHE, IN**

**HIS OFFICIAL CAPACITY AS**

**INTERIM VICE**

**CHANCELLOR FOR**

**ACADEMIC AFFAIRS OF**

**LSUHSC-NO; ET. AL.**


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07358, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

Elizabeth Baker Murrill
ATTORNEY GENERAL
6885 S. Fieldgate Ct.
Baton Rouge, LA
70808

**CORRECTED COPY**

Darren M. Patin
HALEY MCNAMARA HALL LARMANN & PAPALLE
3445 North Causeway Boulevard, Suite 800
P.O. Box 8288
Metairie, LA
70011-8288

    COUNSEL FOR RELATOR/DEFENDANT


Ellie T. Schilling
Benjamin O. Flaxenburg
SCHONEKAS, EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA
70112

    COUNSEL FOR RESPONDENT/PLAINTIFF


        **STAY LIFTED; WRIT GRANTED;
JANUARY 18, 2024 JUDGMENT
VACATED AND SET ASIDE;
REMANDED
JANUARY 22, 2024**

On January 19, 2024 Relator/Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, on behalf of Louisiana State University Health Sciences Center-New Orleans, et al. (hereinafter, collectively "LSUHSC-NO"), filed an application for supervisory writs seeking expedited review of the trial court's January 18, 2024 judgment and a request for a stay of the proceedings. The trial court's January 18, 2024 judgment granted a motion *in limine*/*Daubert* motion filed by Respondent/Plaintiff, Hunter Hidalgo, Ph.D. (hereinafter "Dr. Hidalgo"). After consideration of the writ application, Dr. Hidalgo's opposition, and applicable law we grant the writ application; vacate and set aside the trial court's January 18, 2024 judgment; and remand this matter to the trial court for further proceedings. The stay order issued by this Court on January 19, 2024 is lifted. As such, LSUHSC-NO's motion for clarification, filed on January 22, 2024, is moot.

**Relevant Facts and Procedural History**

This writ application arises from allegations of scientific misconduct against Dr. Hidalgo that occurred while he was a student at LSUHSC-NO. As a result of the allegations, Dr. Hidalgo was dismissed as a fourth-year medical student and LSUHSC-NO attempted to revoke his Ph.D. Dr. Hidalgo subsequently filed a petition for damages maintaining that (1) LSUHSC-NO deviated from its disciplinary procedures in expelling him from its institution and (2) that his due process were violated as a result of LSUHSC-NO's deviation from its disciplinary procedures. Dr. Hidalgo's petition also asserts a breach of contract claim and a breach of good faith and fair dealings on behalf of LSUHSC-NO.

Prior to trial, on November 10, 2023, Dr. Hidalgo filed a "*Motion In Limine/Daubert Motion to Exclude Certain Opinions Offered by Defendants' Expert Haavi Morreim*." (hereinafter "Dr. Morreim"). Specifically, Dr. Hidalgo maintains that the testimony of Haavi Morreim (hereinafter "Dr. Morreim") should be excluded as her methodology supplies legal conclusions, is prejudicial, and could cause confusion to the jury. Conversely, LSUHSC-NO asserts that Dr. Morreim is qualified to testify on her research methodologies, her testimony does not contain legal conclusions, and that her testimony will aid the jury in its deliberations.

A hearing was held on Dr. Hidalgo's motion on December 21, 2023 and the trial court took the matter under advisement. However, the trial court did not rule and reduce its judgment to writing until January 18, 2024. The judgment granted

the motion and excluded Dr. Morreim from presenting any expert testimony at trial.[1]

This writ followed in which LSUHSC-NO seeks review of the trial court's interlocutory ruling. On January 19, 2024, this Court issued an order staying the proceedings as requested by LSUHSC-NO. LSUHSC-NO subsequently filed a motion, on January 22, 2024, requesting this Court clarify the order of a stay of the proceedings.

## Discussion

Although LSUHSC-NO seeks review of the merits of trial court's interlocutory ruling granting Dr. Hidalgo's motion, we find the pertinent inquiry is whether the ruling was procedurally proper and in compliance with La. C.C.P. art. 1425.

A party's ability to file a motion for pretrial hearing to determine whether a witness qualifies as an expert or the methodologies employed by a witness and the court's consideration of such a motion is governed by La. C.C.P. art. 1425, which provides in pertinent part:

> F. (1) Any party may file a motion for a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by such witness are reliable under Articles 702 through 705 of the Louisiana Code of Evidence. The motion shall be filed not later than sixty days prior to trial and shall set forth sufficient allegations showing the necessity for these determinations by the court.
>
> (2) The court shall hold a contradictory hearing and shall rule on the motion not later than thirty days prior to the trial. At the hearing, the court shall consider the qualifications and methodologies of the

---

[1] Trial in this matter began on January 8, 2024.

proposed witness based upon the provisions of Articles 104(A) and 702 through 705 of the Louisiana Code of Evidence. For good cause shown, the court may allow live testimony at the contradictory hearing.

(3) If the ruling of the court is made at the conclusion of the hearing, the court shall recite orally its findings of fact, conclusions of law, and reasons for judgment. If the matter is taken under advisement, the court shall render its ruling and provide written findings of fact, conclusions of law, and reasons for judgment not later than five days after the hearing.

(6) Notwithstanding the time limitations in Subparagraphs (1), (2), and (3) of this Paragraph, by unanimous consent of the parties, and with approval by the court, a motion under this Paragraph may be filed, heard, and ruled upon by the court at any time prior to trial.

La. C.C.P. art. 1425(F)(1-3) and (6).

La. C.C.P. art. 1425(F) mandates the issuance of a ruling within five days of the trial court taking the matter under advisement. It further mandates that a ruling is to be made prior to trial. We find the mandatory temporal limits set forth in La. C.C.P. art. 1425 were not followed as a judgment was not issued until January 18, 2024. *See* La. C.C.P. art. 1425(F)(3) and (6). The statute does not provide for a mechanism to cure this procedural error. In light of this fact, we are precluded from reaching the merits of Dr. Hidalgo's underlying motion because of the mandatory language of La. C.C.P. art. 1425(F)(3) and (6). *See Bryant v. State*, 2023-00731, p. 1 (La. 10/10/23), 370 So.3d 1061; *See generally Mahe v. LCMC Health Holdings, LLC*, 2023-00025 (La. 3/14/23), pp. 1-2, 357 So.3d 322-23 (Finding that use of the word "shall" indicates that limits within code articles are mandatory). Accordingly, we vacate and set aside the trial court's January 18, 2024 judgment.

4

## Decree

Considering the foregoing, the stay issued by this Court on January 19, 2024 is lifted and the motion filed on January 22, 2024 by LSUHSC-NO requesting clarification is moot. Further, the January 18, 2024 judgment granting Dr. Hidalgo's motion and excluding Dr. Morreim from presenting any expert testimony at trial is vacated and set aside. Accordingly, this matter is remanded to the trial court for further proceedings.

**STAY LIFTED; WRIT GRANTED; JANUARY 18, 2024 JUDGMENT VACATED AND SET ASIDE; REMANDED**